DLD-137                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3150
_____

RONALD EDWARD GILLETTE,
                                          Appellant

v.

ACTING WARDEN DIANE PROSPER;
JULIUS WILSON, in his capacity as the Director of Prisons;
TERRITORY OF VIRGIN ISLANDS; ERIC HOLDER
_____

On Appeal from the
District Court of the Virgin Islands
(D.C. Civil Action No. 1-14-cv-00110)
District Judge:  Honorable Wilma A. Lewis
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 1, 2021

Before:  JORDAN, KRAUSE, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed April 27, 2021)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Ronald E. Gillette appeals from the order of the District Court of the Virgin Islands granting the defendants' motion on the pleadings and dismissing his case. We will affirm the judgment of the District Court.

Given the lengthy history of this litigation, and because the parties are familiar with the background, we present only a summary. Gillette is a former inmate at Golden Grove Correctional Facility ("Golden Grove") located on St. Croix. Through counsel, he filed his complaint in 2014, amended in March 2015, challenging the prison conditions at Golden Grove. Referencing the long-term litigation concerning the dangerous and unsanitary conditions at Golden Grove in United States v. Territory of the Virgin Islands, et al., D.V.I. Civ. No. 1:86-cv-265, and relying on that case information as evidence, Gillette alleged that conditions have not improved, and that the prisoners at Golden Grove remained at risk of serious harm.[1] Gillette also provided information regarding a prior brain injury, along with a physician's documentation to Gillette's attorney concerning his medical and psychiatric condition and recommended treatment. In addition, Gillette presented information and records of Golden Grove's ongoing

---

[1] Gillette previously appeared before us in United States v. Territory of the Virgin Islands, 748 F.3d 514 (3d Cir. 2014), when we affirmed the denial of his motion to intervene in the Golden Grove litigation that began in 1986. We noted that Gillette relied extensively on the United States's pleadings and found that "Gillette's interests not only overlap with those of the United States, they are essentially identical." Id. at 521-22.

2

problems, including issues of prison supervision, inmate safety, medical care, and environmental concerns.

As defendants, Gillette named Diane Prosper, former Warden of Golden Grove; and Julius Wilson, former Director of the Virgin Islands Bureau of Corrections; in their individual and official capacities. Gillette also named the Territory of the Virgin Islands as a defendant.[2] In the twenty-two counts of the complaint, Gillette alleged denial of adequate medical care for his physical and mental issues, failure to protect him from the risk of attack, failure to protect him from the risk of suicidal ideation, inadequate employee training, exclusion from services and programs, and failure to accommodate his heat-sensitive disabilities. He framed his claims under 42 U.S.C. § 1983; Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971); Section 504 of the Rehabilitation Act; and the Americans with Disabilities Act ("ADA"). He sought declaratory relief that his rights were violated, injunctive relief of release or transfer to another facility, and damages relief.

The defendants filed a motion for judgment on the pleadings and for denial as moot of Gillette's motions to file an overlength brief, to strike affirmative defenses, and to take judicial notice.[3] The assigned Magistrate Judge issued a report and

---

[2] Gillette had named former United States Attorney General Eric Holder as a defendant but voluntarily dismissed him from the case in April 2015.

[3] Meanwhile, the District Court denied Gillette's motion to convene a three-judge panel under the Prison Litigation Reform Act ("PLRA"). We dismissed Gillette's appeal from that denial for lack of jurisdiction. Gillette v. Prosper, 858 F.3d 833 (3d Cir. 2017).

recommendation to grant the defendants' motion. Despite being represented by counsel, Gillette filed pro se objections and asserted new factual claims; he also stated that he was no longer imprisoned at Golden Grove. The District Court considered Gillette's objections in reviewing the report and recommendation and accepted the report and recommendation as modified. The District Court concluded that Gillette's claims for injunctive and declaratory relief under § 1983, the ADA, and § 504 of the Rehabilitation Act became moot upon Gillette's transfer from Golden Grove in 2016. Concerning the § 1983 damages claims and all of the Bivens claims, the District Court concluded that Gillette failed to state a claim upon which relief may be granted. Thus, the District Court granted the defendants' motion for judgment on the pleadings and dismissed Gillette's motions as moot.

Gillette filed a timely notice of appeal from the District Court's final order dismissing his claims. We have jurisdiction under 28 U.S.C. § 1291. Because Gillette has been granted leave to proceed in forma pauperis under § 1915 on appeal, we review the appeal for possible dismissal under § 1915(e)(2)(B). Alternatively, we may summarily affirm under Third Circuit L.A.R. 27.4 and I.O.P. 10.6 if no substantial question is presented. Gillette has filed a document in support of his appeal, along with attachments. Appellees Prosper, Wilson, and Territory of the Virgin Islands, in turn, have filed a motion to dismiss the appeal and response to Gillette's document, to which Gillette has responded.

4

We review de novo the District Court's judgment, whether strictly construed as judgment on the pleadings under Federal Rule of Civil Procedure 12(c), or as judgment based on a failure to state a claim under Rule 12(b)(6). See DiCarlo v. St. Mary Hosp., 530 F.3d 255, 259 (3d Cir. 2008) (stating the standard of review for a Rule 12(c) motion); Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018) (stating the standard of review for a Rule 12(b)(6) motion); see also Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004) (noting that there is no material difference in the applicable legal standards concerning motions under Rule 12(c) and Rule 12(b)(6)).

We agree with the District Court's conclusion that Gillette failed to state Bivens claims against the Appellees insofar as they are not federal actors. A Bivens action is the federal analog for § 1983 civil rights suits concerning violations of constitutional rights by federal officials. See Davis v. Samuels, 962 F.3d 105, 111 (3d Cir. 2020). Because § 1983 itself provides a remedy for constitutional deprivations by persons acting under color of law "of any State or Territory or the District of Columbia," 42 U.S.C. § 1983 (emphasis added), there is no need to extend Bivens for Gillette's suit against the Appellees.

Regarding Gillette's § 1983 claims for injunctive and declaratory relief under § 1983, we agree with the District Court's conclusion that these claims, as well as those under the ADA and § 504 of the Rehabilitation Act, became moot upon Gillette's transfer

5

from Golden Grove in 2016.[4]  A federal court does not have the power to decide moot questions.  See North Carolina v. Rice, 404 U.S. 244, 246 (1971).  Article III requires a live case or controversy throughout the entire litigation; if no live controversy exists, the court must dismiss the case for lack of jurisdiction.  See Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1992).  As the District Court noted, an inmate's claim for injunctive and declaratory relief generally becomes moot on his transfer from the facility at issue; Gillette's claims do not implicate the exception to mootness for claims too short in duration to be fully litigated, where it is reasonably likely that the plaintiff again will be subjected to the same action.  See, e.g., Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003); Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993).

In his remaining claims, Gillette sought damages relief under § 1983 against Appellees Prosper and Wilson in their individual capacities (Counts 2, 7, 12, and 17). We agree with the District Court's assessment that Gillette's amended complaint was insufficient to state a civil rights action for damages against Prosper and Wilson.  "To state a § 1983 claim, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States."  Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006).  The amended complaint contains only general and conclusory statements that Prosper and

---

[4] Gillette confirms that his current place of incarceration is Citrus County Detention Facility in Florida, which he states is a private facility holding over 100 Virgin Islands convicted inmates.  See Appellant's Response at 3.

6

Wilson were aware of, but were deliberately indifferent to Gillette's needs and risks of harm. As the District Court stated, there are no allegations of specific conduct, knowledge of Gillette's individual circumstances, or other personal involvement in an unlawful deprivation of his rights. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (explaining that a civil rights complaint must allege facts identifying the "conduct, time, place, and persons responsible"). Gillette cannot rely solely on respondeat superior as a theory of liability for these claims, solely upon Prosper's position as Warden and Wilson's position as Director of the Department of Corrections, where he has alleged no personal involvement or personal direction. See Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

Because Gillette's appeal presents no substantial question, we will affirm the judgment of the District Court. Appellees' motion to dismiss is denied.